## KIRSCH et al. v. BENHAM et al.

No. 22115. Opinion Filed July 21, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission, made and entered on the 14th day of February, 1931, wherein Andrew Benham, respondent herein, was awarded compensation for 500 weeks for permanent and total disability to be paid at the rate of $10.80 per week.

The only contention made by petitioners is as to the sufficiency of the evidence to support the findings of the Commission that the claimant permanently lost the sight of his right eye by reason of an accidental personal injury arising out and in the course of his employment. The record discloses that respondent was in the employ of petitioner, John J. Kirsch, in August, 1930, helping in the wrecking of a building at the corner of First and Robinson streets, in Oklahoma City, Okla., that on the 23rd day of August, 1930, while so employed, he got hurt in the following manner:

"I was working on the first floor, taking the lumber and carrying it to the sidewalk, and the sidewalk was fenced 'in, and I was in the inside of the building carrying lumber to the front where it could be loaded on the alley side of Robinson street, and the people were up above me knocking lath and plastering off, and they did not know I was down there I do not suppose, and when it started it fell close and all around me, and when I looked up I got all the plaster in my eye, and I let the load down, and I called for a white fellow. Of course, I was the only colored man on the job, and of course, he sent me up to a doctor in the Medical Arts Building to Dr. Westfall."

The evidence further discloses that he got the plaster in his right eye; that respondent had been blind in his left eye for about 15 years, and that he cannot now see out of his right eye; that he had never had any trouble with his right eye before this accident. The record discloses that when the respondent got hurt, he went immediately to petitioner, Kirsch, and that he sent him to see Dr. Westfall and the doctor treated respondent for about a month.

The record further discloses, from the testimony of the hotel owner where respondent lived, that sometime in the month of August, respondent came home one afternoon and told her that he had gotten some trash or something in his eye. She further testified that since that time he had been practically blind, and that somebody has to lead him around, and that before that time he had no difficulty and got around all right, and had no trouble with his right eye; that respondent was no relation of the said witness, and that she had not known the respondent prior to the time that he came to her hotel in June.

A sister of the hotel owner testified, in substance: That she first met the respond-

ent in June and that she noticed at that time that there was something wrong with his left eye; that sometime in August, the respondent came home in the afternoon from working on the building on First and Robinson streets, and reported to her that he had gotten something in his eyes; that he could hardly see and his eyes were red; that for awhile after the accident, he got around by himself, but that later someone had to accompany him.

Dr. L. M. Westfall testified, in substance: That the respondent came to his office September 1, 1930, and reported that he had gotten fine dust in his right eye about two weeks previous to that time. On examination he found that the lining part of the lids and covering the eyeball was mildly inflamed with some excessive tearing of the right eye. That when he last saw the respondent on September 22, 1930, all evidence of irritation had disappeared. That any foreign particles which would produce an irritation would cause the condition of the respondent. Any external infection.

The petitioner, Kirsch, testified: That sometime in the last part of August, the respondent, while helping him, complained of having a severe headache, and he sent him to a doctor and the next morning he came back he complained that lime dust had gotten into his eye, and that he was not able to work.

Chas. Curtis, an employee of the petitioner at the time the respondent was in the employ of petitioner, testified, in substance: That he heard the respondent, Benham, complaining of being hit, and then of a headache, and that he went over to the shade and sat down. That he did not see the respondent working on the job after that time.

Dr. J. W. Shelton testified, in substance: That he examined the claimant on September 24, 1930, and found the right eye to be sensi'ive to pressure and light, contracted pupil with plastic iritis. Vision 20/50ths at the time of the examination. Left eye, no vision, and that it was his opinion that he had a plastic iritis. That the respondent gave him the history of the accident on the date, August 23rd or 28th, of plaster and foreign bodies falling into his eyes. The doctor further testified that he found no evidence of external injury to his eyes, but that iritis can be excited by foreign bodies, and that his condition could have been caused by this foreign body that fell into his eye. That the attack of iritis could account for the loss of vision which is more marked at the present time than it was at the time of his previous examination. That upon exam'nation, on the day before the hearing of the cause, the respondent has a further reduction since the previous examination, and that the best he could get was 20/200ths, and that would be an 80 per cent. loss in the right eye, and would be classed "industrial blindness," and that he attributed the loss of vision to the attack of iritis. That the loss of vision is permanent.

The Industrial Commission found in favor of the respondent, Benham, and the decision of the Industrial Commission is binding on this court, and will not be disturbed on review where there is any competent evidence supporting the same, and we hold that there is competent evidence supporting the findings and the award of the Industrial Commission. Judgment and award is affirmed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., not participating. CULLISON, J., absent.

Note.—See under (1) anno. L. R. A. 1916A, 163, 266; L. R. A. 1917D, 186; 28 R. C. L. 827; R. C. L. Perm. Supp. p. 6252 et seq.; R. C. L. Pocket Part, title "Workmen's Compensation Acts." § 116.